■ In the Matter of JAMES F. KELLY, Respondent, v. STATE CIVIL SERVICE COMMISSION, Appellant.— Judgment, entered March 16, 1964, directing the State Civil Service Commission to credit petitioner — on a promotion examination — with seniority credit for service as confidential attendant to a Justice of the Supreme Court, unanimously reversed, on the law and on the facts, and the petition dismissed, without costs. By virtue of section 168 of the Judiciary Law, petitioner, who had served as a confidential attendant to a Supreme Court Justice since April, 1946, was on January 1, 1962, classified as a court attendant in the competitive class of civil service. In April, 1963, petitioner took the competitive promotion examination for assistant deputy clerk and assistant special deputy clerk. The announcement of the examination provided that 0.2 points would be added to an applicant's rating for each year served in the permanent competitive class in the Supreme Court in New York and Bronx Counties. Petitioner contended he was entitled to have added to his rating 0.2 points for each of his 15 years of service in the exempt class as confidential attendant to a Justice of the Supreme Court. The commission refused to allow credit for such service. Special Term held that the commission's restriction of seniority credit to service in the permanent competitive class was arbitrary and capricious. We disagree. The commission has power to promulgate rules to carry out the provisions of the Civil Service Law and of the New York State Constitution, including rules for examinations and promotions, and when adopted such rules have the force and effect of law. (Civil Service Law, § 20; Matter of O'Brien v. Lang, 18 A D 2d 140, 143, affd. 13 N Y 2d 688.) In restricting seniority

credit to service in the permanent competitive class, the commission did not transcend its discretionary power to makes rules for determining the ratings of applicants. Nor was there an abuse of discretion, or any arbitrary and capricious action, in a determination that service in an exempt class should not be considered upon the same basis as service in the competitive class. Appointments in the competitive class are made, as far as practicable, upon the basis of competitive examinations. There is substance in the commission's contention that awards for seniority credit on competitive promotion examinations to persons in the permanent civil service class are desirable incentives to induce competent persons to enter and remain in the competitive civil service. The same incentives are unnecessary in appointments to the exempt class. A distinction of treatment between service in the exempt class and in the competitive class thus has a logical and practical foundation and may not be regarded as arbitrary and capricious. Consequently, the commission's denial of seniority credit to petitioner for years of service in the exempt class should not have been disturbed. Concur — Valente, J. P., McNally, Stevens, Eager and Steuer, JJ.